[Civ. No. 40189. Second Dist., Div. One. Aug. 13, 1973.]

CITY OF LOS ANGELES, Plaintiff and Respondent, v.
A.E.C. LOS ANGELES, INC., Defendant and Appellant.

## COUNSEL

Everett W. Maguire, Anthony Saul Alperin and Shapiro & Maguire for Defendant and Appellant.

Roger Arnebergh, City Attorney, Thomas C. Bonaventura, Assistant City Attorney, and David J. Oliphant, Deputy City Attorney, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—In this appeal from a judgment in favor of the City of Los Angeles (City) for amounts found due to it from appellant A.E.C. Los Angeles (Taxpayer) for business tax, Taxpayer contends: (1) it is immune from municipal taxation measured by gross receipts on its business conducted with agencies of the State of California; and (2) recovery of taxes for the years 1962 and 1963 is barred by the statute of limitations.

The City of Los Angeles is a freeholders' charter city. Section 21.03 of the Los Angeles Municipal Code provides: "(a) Subject to the provisions of this Article, a business tax registration certificate must be obtained and a business tax must be paid by every person engaged in any of the businesses or occupations specified in sections 21.50 to 21.198, inclusive, of this Article; and a business tax is hereby imposed in the amount prescribed in the applicable section. No person shall engage in any business or occupation subject to tax . . . without obtaining a registration certificate and paying the tax . . . (b) The business tax registration certificate required to be obtained and the tax required to be paid are hereby declared to be required pursuant to the taxing power of the City of Los Angeles solely for the purpose of obtaining revenue. . . ."

Section 21.188 of the Los Angeles Municipal Code states: "CONTRACTORS: (a) For every person engaged in business as a contractor the tax shall be $20.00 per year . . . for the first $12,000.00 or less of gross receipts, plus $0.65 per year for each additional $1,000.00 of gross receipts or fractional part thereof in excess of $12,000.00; . . . (c) . . . The term 'gross receipts,' . . . shall include only receipts from jobs or projects located within the city limits of Los Angeles." Section 21.14 of that code provides that the gross receipts which are the measure of tax shall be those "of the preceding year."

Section 21.14 states: "(a) . . . [S]tatements required hereunder shall be filed and payment of the tax made in the following manner: 1. Whenever an annual business tax is measured by gross receipts, . . . the person subject to the business tax shall, before the tax becomes delinquent, file with the City Clerk a written statement setting forth [the applicable basis of tax], and such person shall pay at such time the amount of the business tax computed upon the measure of the tax reported in the statement. ¶(b) The written statements shall be made upon forms prescribed by the City Clerk and shall include a declaration [that they are true to the best of knowledge, information and belief under penalty of perjury]. ¶(c) Such statements shall not be conclusive against the City as to the information set forth therein, nor shall the filing of a statement preclude the City from collecting by appropriate action any additional tax that is later determined to be due and payable under the provisions of this Article."

Section 21.05 of the Los Angeles Municipal Code states: "(a) Delinquent Dates. . . . [A]ll business taxes required to be paid thereby shall be deemed delinquent if not paid on or before or within the time hereinafter prescribed: ¶1. Annual Business Taxes—on or before the close of business on the last day of the month following the month in which the taxes become due. . . . ¶6. Deficiency Determinations—within 30 days from the date of notification. ¶(b) Penalties. ¶1. Original Delinquency. Any person who fails to pay any tax required to be paid by this Article . . . excepting deficiency determinations made by the City Clerk under subsection (i) of Sec. 21.15 of this Article within the time required shall pay a penalty of 10% of the amount of the tax . . . ¶3. Deficiency Determinations. Any person who fails to pay a deficiency determination within 30 days after the City Clerk has notified him of the amount of the deficiency, shall pay a penalty of 10% of the amount of the deficiency determination . . . ¶(e) Interest. In addition to the penalties imposed, any person who fails to pay any tax required to be paid by this Article . . . shall pay interest at the rate of one-half of one percent per month, or fraction thereof, on the amount of the tax, exclusive of penalties, from the date on which the tax first became delinquent until paid. Any person who is required to pay any deficiency determination shall pay interest at the rate of one-half of one percent per month, or fraction thereof, on the amount of the deficiency of the tax, exclusive of any penalty imposed from the first day of delinquency following the period for which the tax or any portion thereof should have been paid until the date of payment. . . . ¶(h) Penalties Merge With Tax. Every penalty imposed and such interest as accrues under the provisions of this section shall become a part of the tax herein required to be paid."

Section 21.16 of the Los Angeles Municipal Code reads in pertinent part: "Assessment-Administrative Remedy: (a) Under any of the following circumstances, the City Clerk may make and give notice of an assessment of the amount of tax owed by a person: . . . ¶2. If the person has not paid any tax due under the provisions of this Article . . . ¶3. If the person has not, after demand by the City Clerk . . . paid any additional amount of tax due under the provisions of this Article . . . ¶The notice of assessment shall separately set forth the amount of any tax known by the City Clerk to be due or estimated by the City Clerk, after full consideration of all information within his knowledge concerning the business and activities of the person assessed, to be due . . . and shall include the amount of any penalties or interest accrued on each amount to the date of the notice of assessment. ¶(b) The notice of assessment shall be served upon the person . . . Within 15 days after the date of service the person may apply in writing to the City Clerk for a hearing on the assessment. Within 30 days of the receipt of any such application the City Clerk shall cause the matter to be set for hearing before a Board of Review not later than 90 days after the date of application unless a later date is agreed [upon] . . . If no application for hearing is made within the prescribed time, the amount of the assessment shall be . . . immediately due and owing to the City of Los Angeles. . . . ¶(c) The Board of Review . . . shall consider all evidence offered by the person requesting a hearing and by the City Clerk. . . . It shall make its findings in writing and serve a copy upon the person . . . The Board of Review may increase or decrease the amount of the assessment as the evidence introduced may require; . . . The person may, within 15 days from the date of service of the findings upon him, file written exceptions to the findings of the Board of Review. If no exceptions are filed within the prescribed time, the findings shall thereupon become final and any amount found by the Board of Review to be payable shall be immediately due and owing to the City of Los Angeles; . . . Within 30 days after the filing of any exceptions, . . . The Board of Review shall consider them and either deny the exceptions in writing or prepare such additional or modified written findings as the nature and merit of the exceptions require, and serve a copy thereof upon the person . . . Upon the serving of denial of exceptions or final findings, as the case may be, any amount found by the Board of Review to be payable shall be immediately due and owing to the City of Los Angeles; . . ."

Section 21.04 of the Los Angeles Municipal Code provides: "Due Dates: All business taxes . . . shall be due and payable at the following times: ¶(a) Annual business taxes on the first day of January of each year; . . ."

Taxpayer is an electrical contractor whose principal place of business is in the City of Los Angeles. It performs contracting work for agencies of the State of California including school districts in addition to work for nongovernmental customers. During the calendar years 1961 through 1964 Taxpayer had gross receipts from construction projects within the City of Los Angeles performed for state agencies in the following amounts:

| | |
|---|---|
| 1961 | $424,934.00 |
| 1962 | 782,679.00 |
| 1963 | 629,473.00 |
| 1964 | 144,349.00 |

It did not include those amounts in the measure of its business tax when filing its report with the City Clerk of Los Angeles for the years 1962 through 1965.

In February 1965, the city clerk audited Taxpayer's records to determine the correctness of its business tax reports. On September 20, 1965, pursuant to section 21.16 of the Los Angeles Municipal Code, the city clerk served a notice of assessment of a deficiency in tax for the years 1962 through 1965 in the total amount of $2,252.30. Of that sum $1,454.09 was attributable to the unreported measure of tax consisting of gross receipts from construction projects within the City of Los Angeles performed for state agencies in amounts per year as follows:

| | |
|---|---|
| 1962 | $209.77 |
| 1963 | 529.83 |
| 1964 | 631.80 |
| 1965 | 82.69 |

As provided in section 21.16 of the code, Taxpayer applied in writing for a hearing on the assessment, conceding, however, that the portion of the assessment not attributable to gross receipts from projects performed for state agencies and school districts was due. Pursuant to section 21.16, hearing before the board of review was held on November 8, 1965. The board filed findings sustaining the tax. On December 8, 1965, Taxpayer filed exceptions to the findings which the board denied on January 13, 1966. Taxpayer did not pay the additional tax assessed together with the statutory penalty and interest. On March 7, 1966, respondent City of Los Angeles filed the action to collect the deficiency in tax which commenced the case at bench.

Taxpayer answered the City's complaint contending that gross receipts from projects performed for state agencies and school districts could not

constitutionally be included in the measure of its business tax and that suit for taxes due for the years 1962 and 1963 was barred by the statute of limitations contained in Code of Civil Procedure section 338 dealing with actions upon a liability created by statute other than a penalty or forfeiture. The matter was tried upon a stipulation of facts. The trial court concluded that the tax was properly imposed and that its collection was not barred. On this appeal from the resulting judgment Taxpayer repeats the contentions raised by it in the trial court.

## Imposition of Tax

■ While conceding that the gross receipts by which the business tax here at issue is measured are from sources within the City of Los Angeles so as to meet the test of the Los Angeles Municipal Code, Taxpayer contends that the City is constitutionally barred from imposing a tax measured by gross receipts of a private independent contractor from projects performed for units of state government. It argues that: (1) by the terms of the California Constitution the state government is superior to local governments; (2) by reason of that superiority local government may not impose a tax upon the state nor regulate its activities; (3) an independent contractor performing a work of improvement upon property of the state or a school district does so as an agent of the state and is therefore entitled to the state's immunity from local regulation and taxation; and (4) the Los Angeles City business tax ordinance is consequently an invalid effort to tax and regulate to the extent that it purports to measure tax by gross receipts received from state sources.

The fatal flaw in Taxpayer's argument is its failure to recognize that the Los Angeles City business tax is a revenue and not a regulatory measure and that the imposition of a tax upon a contractor doing business with the state is a tax upon the contractor and not the state although the tax may be measured by gross receipts of the contractor obtained from the state.

The power of the City of Los Angeles to levy taxes derives from California Constitution article XI section 5 which authorizes charter cities to "make and enforce all ordinances and regulations in respect to municipal affairs . . . ." Taxation for revenue is a municipal affair. (*City of Grass Valley* v. *Walkinshaw,* 34 Cal.2d 595, 599 [212 P.2d 894].) A municipal taxing scheme is thus valid unless preempted by state law or prohibited by constitutional principles. (*Century Plaza Hotel Co.* v. *City of Los Angeles,* 7 Cal.App.3d 616, 622 [87 Cal.Rptr. 166].)

Neither Taxpayer's briefs nor our own research disclose a state statutory scheme which preempts the area of taxation in which the City business tax

operates. "Where the power of taxation has been lodged in the state to the exclusion of municipalities . . . it has customarily been done by specific language expressive of such purpose." (*Ainsworth* v. *Bryant,* 34 Cal.2d 465, 472 [211 P.2d 564].) We find no language anywhere expressive of the purpose of the State of California to exclude municipalities from taxation of businesses within their confines while measuring that tax by a percentage of gross receipts derived by private contractors in their dealings with state agencies. Neither do we find in the state statutes regulating contractors or otherwise any statutory provisions from which the limitation upon the municipal taxing power may be implied.

Nor does the California Constitution limit the taxing power of the City of Los Angeles in the manner argued by Taxpayer. The document contains no express limitation. ■ While local ordinances may not impose a regulatory scheme upon private persons which operates to impinge upon the sovereign power of the state (*Hall* v. *City of Taft,* 47 Cal.2d 177, 183 [302 P.2d 574]—city building permit not required for a state structure; *In re Means,* 14 Cal.2d 254, 258 [93 P.2d 105]—city plumbing regulations not applicable to state owned buildings), revenue measures of general application imposing a nondiscriminatory tax upon persons doing business in a state regulated activity or with the state, do not so impinge. (*Willingham Bus Lines, Inc.* v. *Municipal Court,* 66 Cal.2d 893, 895 [59 Cal.Rptr. 618, 428 P.2d 602]; *Kaiser Co.* v. *Reid,* 30 Cal.2d 610 [184 P.2d 879].) The rule applies to a tax measured by a percentage of gross receipts. (*James* v. *Dravo Contracting Co.,* 302 U.S. 134, 149 [82 L.Ed. 155, 166, 58 S.Ct. 208, 114 A.L.R. 318].) "The trend of recent decisions has been to withdraw private property and profits from the shelter of governmental immunity." (*U.S.* v. *Allegheny County,* 322 U.S. 174, 186 [88 L.Ed. 1209, 1218, 64 S.Ct. 908].) ■ Thus, the fact that a municipal tax is imposed in a fashion which permits its ultimate economic burden to be passed on to a higher governmental unit does not invalidate it. (See *General Dynamics Corp.* v. *County of L. A.,* 51 Cal.2d 59, 63 [330 P.2d 794]; *Kaiser Co.* v. *Reid, supra,* 30 Cal.2d 610; *Alabama* v. *King & Boozer,* 314 U.S. 1 [86 L.Ed. 3, 62 S.Ct. 43, 140 A.L.R. 615].)

■ The business tax with which we are here concerned is strictly a revenue measure. While a registration certificate is required by section 21.03 of the Los Angeles Municipal Code, no conditions are placed upon the right to such a certificate. The document is required not to regulate but to expedite the collection of revenue. (*Arnke* v. *City of Berkeley,* 185 Cal.App.2d 842, 848-849 [8 Cal.Rptr. 645].) Since no regulatory purpose is served by the questioned provisions of the Los Angeles Municipal Code and since Taxpayer as an independent contractor to the state cannot appropriate to itself the state's immunity from local taxation, we conclude

that Taxpayer's contention that the City is barred from collecting a business tax measured by its gross receipts from projects performed for state agencies must be rejected.

## Statute of Limitation

■ Taxpayer and City are agreed that the applicable statute of limitations is that stated in Code of Civil Procedure section 338. That statute provides that suits upon a liability created by statute other than a penalty or forfeiture must be commenced within three years of the accrual of the cause of action. Taxpayer contends that a cause of action for a deficiency in the City of Los Angeles business tax accrues upon the delinquency date and argues that collection of the assessed deficiency for the years 1962 and 1963 is barred, City's complaint not having been filed until March 7, 1966.

Taxpayer's statement of law that the City's cause of action to collect its business tax accrues on the delinquency date is correct. (*City of Los Angeles* v. *Belridge Oil Co.,* 42 Cal.2d 823, 834 [271 P.2d 5].) Its contention fails, however, because the deficiency in tax assessed by City did not become delinquent earlier than October 20, 1965, 30 days after the city clerk notified Taxpayer of the additional tax claimed. (Los Angeles Municipal Code, § 21.05.[1]) Since City commenced its suit to collect the additional tax within three years of that date, its action is not barred.

In its argument to the contrary Taxpayer ignores the studied separation by the Los Angeles Municipal Code between due dates and delinquencies of taxes initially determined to be due from the self-assessment procedure inherent in the report that must be filed by a taxpayer and the dates applicable to additional tax claimed by the City. The self-assessed portion of the business tax becomes due and delinquent on the last day of the month following the month in which it must be reported while a special provision is made for the due and delinquency dates of a tax payable pursuant to a deficiency determination made by the city clerk. Since it is not involved in the present case we need not discuss Taxpayer's argument that the deficiency determination may be made after three years from the original date thus creating an "open end" statute of limitations.

## Conclusion

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 10, 1973.

---

[1]Since the point is not necessary to our decision we do not discuss the possibility that where a deficiency is asserted and resisted administratively pursuant to section 21.16 of the Los Angeles Municipal Code, the cause of action for collection does not accrue until the findings of the board of review become final.