Opinion
 

 WOODS (A. M.), P. J.
 

 The City of Los Angeles (City) appeals the dismissal of its action against Centex Telemanagement, Inc. (Centex) for money due on an unpaid tax assessment on grounds the action was barred by the statute of limitations.
 

 Centex provides telecommunications management services for a fee to small and medium-sized businesses located in the City. Centex paid the City an annual business tax based on the amount of these fees.
 

 In June 1987, Centex filed a claim for a refund of its previous year’s business tax. The City then informed Centex it was beginning an examination of Centex’s business tax liability for 1986 and 1987.
 

 On June 27, 1988, the City notified Centex that its examination had resulted in additional liability in the principal amount of $38,048.05. On September 16, the City issued to Centex a notice of tax due which stated in part that if payment was not made by October 17, 1988, there would be an additional penalty of $6,564.71. When Centex failed to pay the tax, the City, on November 3, 1988, sent Centex a second letter that referred to “delinquent” amounts and informed Centex if it failed to pay its tax liability before November 30, 1988, additional interest would be charged. No additional penalty was sought, however. When Centex again failed to pay the tax, the City, on November 22, 1988, sent another letter notifying Centex that it was levying an assessment in the amount of $44,218.23, which amount included the original penalty and interest.
 

 Centex then sought an administrative hearing under Los Angeles Municipal Code (L.A. Municipal Code) section 21.16. Pursuant to that statute, the matter was heard before the City’s board of review. On April 14, 1989, the board affirmed the assessment. Centex filed written exceptions to the notice of decision.
 

 On November 21, 1991, the City filed the instant complaint. Centex filed an answer asserting, inter alia, the statute of limitations. The trial of the action was based exclusively on written stipulated facts and documentary exhibits. The City argued that the statute of limitations was tolled while
 
 *1387
 
 Centex exhausted its administrative remedy for review of its tax liability. The court rejected the argument and granted judgment to Centex on ground that the action was barred by the statute of limitations. This appeal ensued. We reverse.
 

 I
 

 The parties agree that the statute of limitations for bringing this action is the three years provided in Code of Civil Procedure section 338, subdivision (a) for “[a]n action upon a liability created by statute, other than a penalty or forfeiture.” (Code Civ. Proc., § 338, subd. (a);
 
 City of Los Angeles
 
 v.
 
 A.E.C. Los Angeles
 
 (1973) 33 Cal.App.3d 933, 941 [109 Cal.Rptr. 519].) The “cause of action to collect [a] business tax accrues on the delinquency date .... [Citation.]”
 
 (Ibid.)
 
 L.A. Municipal Code section 21.05 provides that where the tax in question is an annual business tax it is deemed delinquent “within 30 days from the date of notification” that it is owing. (L.A. Mun. Code, § 21.05.)
 

 The court below determined that the accrual date for the City’s cause of action against Centex was October 17, 1988, 30 days after its initial letter notifying Centex of the additional taxes due. We agree. There is no merit in the City’s contention, relying on the
 
 A.E.C. Los Angeles
 
 decision, that the statute of limitations began to run from November 22, 1988, the date upon which the City notified Centex of the levy. While it is true that the date of notification of the levy was used in
 
 A.E.C. Los Angeles,
 
 it is also true that there is no mention in that case of any earlier notice to the taxpayer of a deficiency and it is, therefore, distinguishable from the instant case.
 

 Additionally, the City’s correspondence with Centex on November 3, 1988, referred to the October 17 date as the date when the amount in question became delinquent. Thus, its current argument notwithstanding, even the City considered October 17 to be the delinquency date. Accordingly, using this date, its complaint would be untimely but for the tolling of the statute while Centex pursued its administrative remedies. The court below held that the statute was not so tolled. With this, we disagree.
 

 II
 

 “[T]he rule [of exhaustion of administrative remedies] is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act.”
 
 (Abelleira
 
 v.
 
 District Court of Appeal
 
 (1941) 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715].) Furthermore, “[w]hen administrative machinery exists for the resolution of differences, the courts will not act until such
 
 *1388
 
 administrative procedures are fully utilized and exhausted. To do so would be in excess of their jurisdiction. [Citations.]”
 
 (Horack
 
 v.
 
 Franchise Tax Board
 
 (1971) 18 Cal.App.3d 363, 368 [95 Cal.Rptr. 717].) “The administrative remedy must be pursued as a condition precedent to the lawsuit. [Citations.]”
 
 (Westinghouse Elec. Corp.
 
 v.
 
 County of Los Angeles
 
 (1974) 42 Cal.App.3d 32, 39 [116 Cal.Rptr. 742].) “That the doctrine is applicable to tax matters is well established.”
 
 (People
 
 v.
 
 Sonleitner
 
 (1960) 185 Cal.App.2d 350, 361 [8 Cal.Rptr. 528].)
 

 Notwithstanding these clearly enunciated principles, Centex asserts that the doctrine of exhaustion is not applicable when it is the taxing entity, rather than the taxpayer, that brings the legal action; in other words, the City was required to file its lawsuit even though Centex was availing itself of an administrative process the result of which could have been a determination that no additional taxes were due. (L.A. Mun. Code, § 21.16, subd. (f).) The corollary to this position is that, by failing to file its action while awaiting the outcome of the administrative process, the City has forfeited the taxes which the administrative process in fact confirmed were due. To state the argument is to expose its lack of logic and merit.
 

 Relevant portions of the L.A. Municipal Code provision under which Centex pursued its administrative remedies demonstrate an intention by the drafters of that code that the doctrine of exhaustion apply to this situation.
 

 Centex requested a hearing under L.A. Municipal Code section 21.16. Under that section the taxpayer may either request a hearing or file a written waiver of hearing. Subdivision (c) provides that “If the City Clerk grants the request for waiver of hearing, the administrative proceedings prescribed by this section shall be deemed exhausted and the City shall have the right to bring an action in any court of competent jurisdiction to collect the amount of the assessment, plus such penalties and interest as may have accrued thereon . . . .” (L.A. Mun. Code, § 21.16, subd. (c).) By inference, where the taxpayer requests a hearing under this section, the City cannot bring an action because the administrative process is not yet exhausted. Additionally, because under subdivision (f), one of the board of review’s options is to decrease the assessment, it would be pointless for the City to bring a collection action without knowing what amount, if any, it is entitled to collect. Exhaustion of the administrative process does not occur until the taxpayer either files or fails to file its exceptions to the board’s decision. (L.A. Mun. Code, § 21.16, subd. (g).) It is clear to us from these provisions that the doctrine of exhaustion applies in this case and pending such exhaustion the City was not authorized to begin a legal action.
 

 
 *1389
 
 For support of its position, Centex refers us to L.A. Municipal Code section 21.19 which authorizes a lawsuit by the City against any taxpayer “owing any tax due under the provisions of this article or Article 1.5, . . .” (L.A. Mun. Code, § 21.19.) It is a basic rule of statutory construction that all the parts of a statute must be read together and harmonized.
 
 (People
 
 v.
 
 Pieters
 
 (1991) 52 Cal.3d 894, 899 [276 Cal.Rptr. 918, 802 P.2d 420].) To read section 21.19 to require initiation of a legal action by the City prior to the taxpayer’s exhaustion of administrative remedies would bring it directly into conflict with section 21.16. Accordingly, we reject Centex’s interpretation of the latter section. Equally unpersuasive is Centex’s reliance on
 
 Cal. Cigarette Concessions
 
 v.
 
 City of L. A.
 
 (1960) 53 Cal.2d 865 [3 Cal.Rptr. 675, 350 P.2d 71], a decision in which, contrary to Centex’s intimations, the Supreme Court expressly refrained from determining the exhaustion of remedies issue presented to it.
 
 (Id.
 
 at p. 872.)
 

 We hold, therefore, that the statute of limitations for the City’s collection action did not commence until Centex had exhausted its administrative remedy with the board of review’s issuance of a decision on April 14, 1989. The City’s complaint, filed on November 21, 1991, was therefore timely.
 

 The judgment is reversed and the matter remanded for a new trial on any remaining issues. The City to have its costs on appeal.
 

 Epstein, J., and Vogel (C. S.), J., concurred.
 

 A petition for a rehearing was denied November 10, 1994, and respondent’s petition for review by the Supreme Court was denied February 15, 1995.