# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CITY OF OAKLAND, CALIFORNIA,
                    *Plaintiff-Appellant,*

v.

HOTELS.COM LP; HOTELS.COM GP,
LLC; TRIP NETWORK, INC., d/b/a
Cheap Tickets, Inc.; TRAVELPORT,
INC., f/k/a Cendant Travel
Distribution Services Group Inc.;
EXPEDIA, INC.; INTERNETWORK
PUBLISHING CORP., d/b/a
Lodging.com; LOWESTFARE.COM
INC.; ORBITZ, INC.; ORBITZ, LLC;
PRICELINE.COM, INC.; SABRE
HOLDINGS CORP.; SITE59.COM, LLC;
TRAVELOCITY.COM INC;
TRAVELOCITY.COM LP; TRAVELWEB
LLC; TRAVELNOW.COM, INC.,
                    *Defendants-Appellees.*

No. 07-17258

D.C. No.
CV-07-03432-SBA

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted
April 17, 2009—San Francisco, California

Filed July 16, 2009
Amended August 20, 2009

11439

Before: John T. Noonan, Glenn L. Archer, Jr.,* and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge McKeown

*The Honorable Glenn L. Archer, Jr., Senior United States Circuit
Judge for the Federal Circuit, sitting by designation.

**COUNSEL**

Monique Olivier, The Sturdevant Law Firm, San Francisco, California, for the plaintiff-appellant.

Darrel J. Hieber, Skadden, Arps, Slate, Meagher & Flom, Los Angeles, California, for the defendants-appellees.

**ORDER**

The Opinion filed on July 16, 2009, is amended as follows: On slip Opinion page 9152, line 19, strike the following text:

> The "hotel tax" in California derives from a state law that permits municipalities to "levy a tax on the privilege of occupying a room or rooms, or other living space, in a hotel, inn, tourist home or house, or other lodging." Cal. Rev. & Tax Code § 7280(a).

and insert the following text:

> Oakland's authority to enact a "hotel tax" is derived from the city's status as a "Charter City." *See City*

*of San Bernadino Hotel/Motel Ass'n v. City of San Bernadino*, 59 Cal. App. 4th 237, 243 (1997).

No further petitions for rehearing will be entertained.

---

## OPINION

McKEOWN, Circuit Judge:

This is a classic case of jumping the gun. The City of Oakland brought suit against ten Internet travel companies, claiming that they failed to calculate and remit occupancy taxes in violation of the Transient Occupancy Tax Ordinance. The difficulty is that Oakland never assessed or imposed the tax; instead, the City filed suit in federal court for, among other things, collection of the taxes. The district court dismissed the suit with prejudice because the City failed to comply with the Ordinance's exhaustion requirement. We agree that exhaustion is required, although we conclude that dismissal without prejudice is appropriate. Absent a tax assessment, there is nothing to enforce nor could we divine what the "unpaid taxes" might be. The starting point for resolution of this dispute is not the federal court but the administrative process, which is geared to address precisely these questions.

### BACKGROUND[1]

According to the complaint, the Internet travel companies negotiate discount hotel rates and then sell hotel rooms to consumers. The retail charge to the customer includes the wholesale price that the operators pay to the hotels, an online service charge, and any taxes. The Internet travel companies collected taxes from users based on the retail price of the room, but remitted to Oakland the taxes based only on the

---

[1]This background description is derived from the Complaint, which we accept as true.

wholesale price. The companies kept the "tax" they collected from the consumers on the markup from the wholesale price to the retail price. Although the parties disagree as to the applicability of the Ordinance, they do agree that no tax has yet been assessed by the City via the assessment process created by the Ordinance.

Oakland's authority to enact a "hotel tax" is derived from the city's status as a "Charter City." *See City of San Bernadino Hotel/Motel Ass'n v. City of San Bernadino*, 59 Cal. App. 4th 237, 243 (1997). Oakland enacted an ordinance to levy such a tax, the Transient Occupancy Tax Ordinance, which provides: "For the privilege of occupancy in any hotel, each transient is subject to and shall pay a tax in the amount of eleven (11) percent of the rent charged by the operator." Ordinance § 4.24.030. The Ordinance defines an operator as "the person who is proprietor of a hotel whether in the capacity of owner, lessee, sublessee, mortgagee in possession, licensee, or any other possessory agent of any type or character . . . ." *Id.* § 4.24.020. The operator, who is required to collect the tax "to the same extent and at the same time as the rent is collected from every transient," *id.* § 4.24.050, must remit the tax to the City, *id.* § 4.24.070. Failure to abide by the Ordinance subjects the operator to penalties and interest. *Id.* § 4.24.080.

The Ordinance lays out a multi-step administrative process for assessment. In mandatory terms, the Ordinance provides that the Tax Administrator "shall proceed to determine and assess against such operator the tax, interest and penalties" and provide notice of the assessment. *Id.* § 4.24.090. If the operator does not contest the Tax Administrator's assessment, it "shall become final." *Id.* The operator may appeal, however, in which case the Tax Administrator must provide a justification for the assessment and conduct a hearing, following which the Tax Administrator "shall determine" the tax owed. The operator is permitted a further appeal to the Oakland Taxation and Assessment Board of Review. *Id.*

Against this backdrop, the district court dismissed the case with prejudice for lack of subject matter jurisdiction. The court concluded that failure to exhaust the administrative process was fatal to the City's tax liability claim and that Oakland had not made any assessment against the travel companies and "indeed not . . . even initiated any administrative process." Because the City's other claims—conversion, unfair business practices, unjust enrichment, and imposition of a constructive trust—are dependant on the Internet travel companies' tax liability, the court likewise dismissed these claims for failure to exhaust.

## ANALYSIS

### I.    Exhaustion is Required Under California Law

[1] Under California law, exhaustion of administrative remedies is a jurisdictional requirement and "absent a clear indication of legislative intent [a court] should refrain from inferring a statutory exemption from [the State's] settled rule requiring exhaustion of administrative remedies." *Campbell v. Regents of Univ. of Cal.*, 35 Cal. 4th 311, 322 (2005). More specifically, in addressing a tax matter, the California Court of Appeal has counseled that "when administrative machinery exists for the resolution of differences, the courts will not act until such administrative procedures are fully utilized and exhausted. To do so would be in excess of their jurisdiction." *City of Los Angeles v. Centex Telemanagement, Inc.*, 29 Cal. App. 4th 1384, 1387 (1984) (citing *Horack v. Franchise Tax Board*, 18 Cal. App. 3d 363, 368 (1971)).

[2] Oakland is not the first California city to dispute the hotel tax vis-a-vis Internet travel companies. In consolidated litigation involving a municipal ordinance similar to the one at issue here, the cities of Los Angeles and San Diego sued a group of Internet travel companies in Los Angeles Superior Court. That court rejected arguments mirroring those made by Oakland here and held that the cities did not initiate the tax

assessment scheme, "let alone exhaust [their] administrative remedies prior to filing suit." Transient Occupancy Tax Cases, *City of San Diego, California v. Hotel.com, L.P.*, No. GIC 861117 (Cal. Super. Ct., July 27, 2007); *City of Los Angeles, California v. Hotels.com, L.P.*, No. BC 326693 (Cal. Super. Ct. July 27, 2007). Other state and federal courts to consider the issue have similarly required administrative exhaustion. *See, e.g.*, *City of Atlanta v. Hotels.com, L.P.*, 654 S.E.2d 166 (Ga. Ct. App. 2007); *City of Orange, Texas v. Hotels.com, L.P.*, No. 1:060-CV-413, 2007 WL 278795 (E.D. Tex. Sept. 21, 2007); *County of Nassau v. Hotels.com, L.P.*, 594 F. Supp.2d 251 (E.D.N.Y. 2007); *City of Philadephia v. Hotels.com*, Nos. 0106023, 122014, 2006 WL 1520749 (Pa. Ct. Com. Pl. May 25, 2006). We are in accord with the rationale employed in these decisions—exhaustion is required because the tax Ordinance provides for administrative remedies.

Oakland argues that its Ordinance does not require a tax assessment before suit is brought and that, in any case, the administrative remedies apply only to the operators, not the taxing authority. This strained interpretation is belied by the plain language of the Ordinance. The Ordinance uses mandatory language to impose the City's initial obligation, i.e. the Tax Administrator "*shall* obtain facts and information on which to base his or her estimate of the tax due," "*shall* . . . assess . . . the tax," and "*shall* give notice of the amount to be assessed." Ordinance § 4.24.090 (emphasis added). The operator may challenge this assessment of course and is entitled to a hearing and review. *Id.*

**[3]** To suggest that the City is somehow exempt from this administrative process because the Ordinance does not spell out a right to an appeal process for the City would upend the Ordinance. The City has nothing to appeal after the assessment process—it unilaterally imposes the tax. The provision permitting the City to bring an enforcement action for the recovery of outstanding taxes, Ordinance § 4.24.130, does not

mean that there can be an enforcement action without an assessment. This same argument was labeled "flawed" and rejected by the state court in Los Angeles: "The City's position makes two assumptions that are not supported by the allegations in its complaint. First, an action seeking judicial enforcement assumes there is something to enforce. With no assessment, however, there is nothing that the City is seeking to 'enforce.' Second, the City's assumes there are unpaid taxes." *City of Los Angeles v. Hotels.com, L. P.*, No. BC 326693 at 8. The assessment and appeal are part of an interrelated administrative process that fixes the tax due.

Oakland offers an alternate argument, namely that exhaustion is excused because the administrative remedy is inadequate and the process would be futile. We acknowledge that the exhaustion requirement has some flexibility and that in appropriate cases, these principles support exceptions to the exhaustion requirement. *See Ogo Assoc. v. City of Torrance*, 37 Cal. App. 3d 830, 834 (1974). This is not such a case.

The notion that the administrative process leaves the City out in the cold makes no sense here. As the district court noted, "The City's remedy for collecting suspected unpaid taxes begins with an audit and assessment." The City is central to the administrative process, once there is a final assessment and the tax remains unpaid, the City may file suit to collect the tax. This administrative chronology, which imposes an obligation on the City to first assess the tax, hardly renders the administrative remedy inadequate.

**[4]** Although the City is correct that it would not be able to recover on its other claims via the administrative process—conversion, unfair business practices, unjust enrichment, and imposition of a constructive trust—it does not follow that the City can simply sue in federal court without exhausting its administrative remedies. The City's theory of liability for all of the torts and contracts claims is completely dependent on the Internet travel companies owing the tax to the city. Put

simply, if the tax is not owed, the claims brought by the City fail. Because the City's other claims are intertwined with the tax claim, the City must actually assess the tax before it can sue in federal court.

Similarly, we reject the City's characterization that exhaustion would be futile because the position of the parties is already "clear." The issue in this case is not the "positions" of the parties but rather the actual tax liability. If such a futility exception to the administrative exhaustion requirement were triggered by a taxpayer taking the position that the tax is not owed, the exception would swallow the rule.

## II.    Unexhausted Claims Should Be Dismissed Without Prejudice

[5] Claims should be dismissed with prejudice only when it is clear that no amendment could cure a defect in the complaint. The district court mistakenly concluded that dismissal with prejudice was appropriate "because it is clear that absent any actual assessment of tax liability against the Defendants, any amendment to the complaint would be futile." However, failure to exhaust administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice. *See O'Guinn v. Lovelock Corr. Center*, 502 F.3d 1056, 1063 (9th Cir. 2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). Nothing in this case suggests a reason to depart from this general rule. Hence, we affirm the dismissal for lack of subject matter jurisdiction but remand so that the dismissal is without prejudice.

**AFFIRMED IN PART; REVERSED IN PART.** Costs on appeal are awarded to Appellees.